```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                  Case No. 2:01-cr-73-FTM-29DNF

CHARLES LEMAR KENDRICK
_____

**OPINION AND ORDER**

  This matter is before the Court on defendant's Memorandum of Law In Support of Motion Filed Pursuant to 18 U.S.C. Section 3582(c)(2) For Reduction of Sentence (Doc. #32), filed on December 19, 2005. Defendant did not actually file a motion, and the Memorandum was not docketed as a motion. Because defendant is proceeding *pro se*, the Court must construe a request for post-conviction relief liberally. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). Given defendant's *pro se* status it is clear that the Memorandum should be treated as a motion, and the Clerk of the Court has corrected the docket to treat it as such.

  Defendant seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) on the theory that United States v. Booker, 125 S. Ct. 738 (2005) reduced his Sentencing Guidelines range by declaring the Sentencing Guidelines advisory and not mandatory. The Court disagrees.

  Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances, but none of those circumstances apply in this case. Section 3582(c)(2), relied upon by defendant, provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) does not apply because the sentencing range has not been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The Eleventh Circuit has already found that "Booker is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). None of the other provisions of § 3582(c) apply. Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, and no Rule 35(b) motion has been filed by the government. The Court has considered all other possible bases of jurisdiction, as required by United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991), and finds none.

The Court recognizes that defendant has recently filed a motion for court appointed counsel (Doc. #33) in connection with a motion under § 3582(c)(2) based upon the recent amendment to the crack cocaine Sentencing Guidelines. The denial of the current motion is

of course without prejudice to the motion for counsel, which will be addressed in a separate order, and without prejudice to any new motion for sentence reduction based upon the crack cocaine amendments.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Memorandum of Law In Support of Motion Filed Pursuant to 18 U.S.C. Section 3582(c)(2) For Reduction of Sentence (Doc. #32), deemed to be a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of March, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Charles Lemar Kendrick

3